

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2009

# Liang-Yan v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2410

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Liang-Yan v. Atty Gen USA" (2009). *2009 Decisions.* Paper 1227.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1227

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2410
_____

FEI LIANG-YAN,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES


_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A200-032-279 )
Immigration Judge:  Honorable Eugene Pugliese

_____


Submitted Pursuant to Third Circuit LAR 34.1(a)
March 5, 2009
Before: MCKEE, NYGAARD and ROTH, Circuit Judges

(Opinion filed   June 5, 2009 )
_____

OPINION
_____

PER CURIAM

        Fei Liang-Yan, a native and citizen of the People's Republic of China, petitions for

review of an order of the Board of Immigration Appeals.  We will deny the petition.

        Liang-Yan entered the United States without inspection on July 21, 2005.  The

government served him with a Notice to Appear on July 25, 2005, charging him as being present without inspection under INA § 212(a)(6)(A)(I). Liang-Yan conceded removability and applied for political asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). He asserts that he will be harmed because of his practice of Falun Gong and his support of individuals who practice Falun Gong.

Liang-Yan testified that the Chinese government outlawed Falun Gong in 1999, and that he opposed the government's treatment of Falun Gong practitioners. On May 9, 2001, he was talking to a school friend at the park, and he expressed his disdain for the government's ban on the practice of Falun Gong. Unnamed people reported his remarks to the police, and later that day, two police officers came to Liang-Yan's house to arrest him. They took him to a police station and pressured him to admit wrongdoing. Liang-Yan refused. The police officers beat him with their fists and kicked him. They tied his hands and legs together and detained him for four hours. He told the police that he supported Falun Gong, and the police warned him that if he continued to do so, they would jail him for at least six months. Liang-Yan was released and went home. He could not rise out of bed for days.

Liang-Yan also testified that a different friend stayed with him at his home for about 20 days in 2004 in order to hide from the government. During his stay, his friend taught Liang-Yan a few basic Falun Gong exercises. They would practice in Liang-Yan's second floor apartment, by a glass window. In December 2004, the government came to

2

Liang-Yan's house, looking for his friend. Government agents broke down the door and arrested his friend while Liang-Yan was at work. When Liang-Yan returned from work that evening, his neighbor told him that the police also wanted to arrest him. Liang-Yan fled to his aunt's house. During his stay, the police visited his parents' home every two or three days, asking them to give him up. After more than six months, Liang-Yan left China because he "couldn't take it anymore." (IJ op., 5.) Liang-Yan asserted that he has started practicing Falun-Gong twice a week since arriving in the United States.

The IJ denied relief because he did not believe Liang-Yan's testimony. The IJ based his adverse credibility determination on petitioner's vague testimony and his lack of detail, as well as petitioner's "evasive" demeanor and his discomfort in testifying. (IJ op., 11.) The BIA reviewed the IJ's adverse credibility finding for clear error and found none. The BIA noted petitioner's vague and contradictory testimony regarding whether he practiced Falun Gong, and the implausibility of his claim that his friend taught him basic Falun Gong exercises during a 20-day visit and his assertion that they practiced in a room with a window from which they could be seen. (Id.)

We have jurisdiction to review a final order of removal of the BIA under 8 U.S.C. § 1252(a)(1). Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir. 2001). "[W]e review the IJ's opinion to the extent the BIA relied upon it." Lin v. Att'y Gen., 543 F.3d 114, 119 (3d Cir. 2008). We will uphold an adverse credibility determination under the substantial evidence standard "'unless any reasonable adjudicator would be compelled to conclude to

3

the contrary.'" Id. (internal citation omitted).

In his petition for review, Liang-Yan argues that the IJ's adverse credibility lacks a basis in substantial evidence because the IJ did not adequately describe Liang-Yan's demeanor or discuss factors such as the position in which he sat and his facial expressions during the hearing.

We disagree. The IJ based his adverse credibility determination not only on Liang-Yan's demeanor, but on his lack of specificity and ambiguities in his testimony regarding whether he merely supported Falun Gong practitioners or whether he practiced Falun Gong. The IJ and the BIA also found it implausible that petitioner would practice an "outlawed type of yoga" in front of a window, in plain view of his neighbors. (IJ op., 12; see BIA op.)

Liang-Yan testified that he practiced Falun Gong with his friend every night after dinner in front of a window. (A.R. 120.) He argues in his petition for review that he had a "reasonable expectation of privacy" in his home, such that he did not expect others to see him, despite his engaging in outlawed activity in plain view. (Pet.'s Br. at 18.) In light of Liang-Yan's prior testimony regarding his fear of arrest or detention on account of his support of Falun Gong, we do not believe that the IJ unreasonably doubted the plausibility of this testimony. A reasonable factfinder would not be compelled to conclude that Liang-Yan was credible. See Zheng v. Gonzales, 417 F.3d 379, 382 (3d Cir. 2005). Accordingly, Liang-Yan has not met his burden of proof for asylum,

4

withholding of removal or CAT relief.  For the foregoing reasons, we will deny the petition for review.